# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

Case No.: 3:25-cv-00623

| | |
|---|---|
| EDINBURGH SQUARE CONDOMINIUM ASSOCIATION, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>THE HANOVER AMERICAN INSURANCE COMPANY, )<br>)<br>Defendant. )<br>) | **NOTICE OF REMOVAL** |

Defendant The Hanover Insurance Company, by and through its undersigned counsel, hereby removes this action, styled as *Edinburgh Square Condominium Association, Inc. v. The Hanover Insurance Company*, Case No. 25CV036437-590, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, from the General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina. This removal is made without waiving and expressly reserving the right to assert any and all defenses against this action. In support of removal, Hanover would show unto the Court as follows:

1. On July 17, 2025, Plaintiff Edinburgh Square Condominium Association, Inc. initiated this lawsuit by filing its complaint in the General Court of Justice, Superior Court Division in Mecklenburg County, North Carolina. *See* Plaintiff's Summons and Complaint, attached as **Exhibit 1**.

2. Defendant first received a copy of Plaintiff's Complaint by letter from the North Carolina Department of Insurance on or about August 8, 2025 by a letter dated July 28, 2025.

Plaintiff served the lawsuit on Defendant via the North Carolina Department of Insurance, which the Department represented it received on July 22, 2025.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, orders, and other matters served upon Defendant are attached in Exhibit 1.

4. As more fully set out below, Defendant has properly removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because (1) Defendant has satisfied the procedural requirements for removal and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## **PROCEDURAL REQUIREMENTS FOR REMOVAL**

5. Defendant first received Plaintiff's complaint by certified mail from the North Carolina Department of Insurance on August 8, 2025.

6. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Because Defendant was served through a statutory agent, the North Carolina Department of Insurance, and Defendant did not actually receive Plaintiff's complaint until August 8, 2025, the time for removal did not begin until Defendant's actual receipt of the complaint. *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 393–94 (4th Cir. 2018).

7. One year has not passed from the commencement of this action, which was initiated by Plaintiff filing its complaint on July 17, 2025. 28. U.S.C. § 1446(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1441 because it is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" and is the "district court of the United States for the district and division embracing the

place where such action is pending." Specifically, this matter arises out of an alleged hail and wind event and resulting insurance claim concerning real property located in Mecklenburg County, North Carolina, which is located within this judicial district.

9. There are no other named defendants to this action besides the Defendant, and therefore no consent of other parties is required. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in and consent to the removal of the action.").

10. Defendant will file a notice in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, to notify it that this matter has been removed to this Court and directing it to take no further action with respect to this case. To Defendant's knowledge, no hearings or proceedings have taken place in the state court action.

## THE REQUIREMENTS FOR DIVERSITY JURISDICTION ARE MET

11. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332. That statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

12. Plaintiff admits that it is an incorporated association doing business in Mecklenburg County. (Compl. ¶ 1.) Furthermore, according to its filings with the North Carolina Secretary of State, Plaintiff represents that it is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Olympia Fields, Illinois. For jurisdictional purposes, therefore, Plaintiff is a citizen of the States of North Carolina and Illinois. 28 U.S.C. § 1332(c)(1).

13. Defendant The Hanover American Insurance Company is an insurance company organized and existing under the laws of the State of New Hampshire with its principal place of business in the Commonwealth of Massachusetts. For jurisdictional purposes, therefore, Defendant The Hanover American Insurance Company is a citizen of the State of New Hampshire and the Commonwealth of Massachusetts. 28 U.S.C. § 1332(c)(1).

14. Because Plaintiff and Defendant are citizens of different states, complete diversity exists between the parties.

15. Further, there is more than $75,000, exclusive of interest and costs, in controversy in this action. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014) ("When removal is based on diversity of citizenship, [the] amount in controversy requirement must be met."). "The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." *McCoy v. Erie Ins. Co.*, 147 F. Supp.2d 481, 489 (S.D. W. Va. 2001); *see also Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (defining the amount in controversy as "the pecuniary result to either party which [a] judgment would produce"). Where punitive damages or treble damages pursuant to the North Carolina Unfair & Deceptive Trade Practices Act are demanded, that amount must be considered in assessing the amount in controversy. *Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, No. 1:19-cv-210, 2019 WL 2992219, at *3 (M.D.N.C. July 9, 2019) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)).

16. Plaintiff alleges that its property insured by Defendant was damaged by a hail and wind event in 2023 and that the amount in controversy exceeds $25,000 and that it is entitled to treble damages under N.C. Gen. Stat. § 75-16 and an award of reasonable attorneys' fees pursuant

to N.C. Gen. Stat. § 6-21.1. (Compl. ¶¶ 6, 40, 43.) As such, the amount in controversy requirement for this Court to exercise jurisdiction over this matter is satisfied.

17. Because Plaintiff seeks recovery in excess of $75,000 and the parties are citizens of different states, this case is properly removed pursuant to 28 U.S.C. § 1441, in its entirety, to this Court, and this Court has jurisdiction over this matter.

WHEREFORE, Defendant The Hanover American Insurance Company respectfully removes this action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, and requests that this action proceed in this Court as an action properly removed.

This the 20th day of August, 2025.

Respectfully submitted,

PHELPS DUNBAR LLP

*/s/ Giles Rhodenhiser*
Giles Rhodenhiser
N.C. Bar No.: 48265
GlenLake Four
4141 ParkLake Avenue, Suite 530
Raleigh, North Carolina 27612-3723
Telephone: 919 789 5300
Facsimile: 919 789 5301
E-mail: giles.rhodenhiser@phelps.com

*Attorneys for Defendant The Hanover American Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that I have on this date, August 20, 2025, electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record. Furthermore, a true and correct copy of the foregoing Notice of Removal was sent the following attorneys of record via UPS Overnight Delivery and electronic mail.

Alexandrea M. Everson
EVERSON & MEMIC LAW, LLP
2013 Olde Regent Way, Suite 150, #225
Leland, North Carolina 28451
Telephone:	910 622 3121
E-mail:	alex@eversonmemiclaw.com

*Attorney for Plaintiff*

 

Respectfully submitted,

PHELPS DUNBAR LLP

*/s/ Giles Rhodenhiser*
Giles Rhodenhiser
N.C. Bar No.: 48265
GlenLake Four
4141 ParkLake Avenue, Suite 530
Raleigh, North Carolina 27612-3723
Telephone:	919 789 5300
Facsimile:	919 789 5301
E-mail:	giles.rhodenhiser@phelps.com

*Attorneys for Defendant The Hanover American Insurance Company*